IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ROBERT MARO,

                              OPINION and ORDER

            Petitioner,

                              08-cv-181-slc

    v.

CAROL HOLINKA, Warden,

           Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      This is a petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2241. Petitioner Robert Maro is an inmate at the Federal Correctional Institution in Oxford, Wisconsin, serving a sentence imposed by the United States District Court for the Southern District of Illinois. Petitioner contends that he is in custody in violation of the laws and Constitution of the United States.

      Petitioner contends that with the adoption of the recent amendment 709 to the federal sentencing guidelines, it is clear that the Court of Appeals for the Seventh Circuit erred when it upheld his sentence by identifying him as a career offender. In making this argument, petitioner is challenging the imposition of his federal sentence and not its execution. Therefore, this court lacks jurisdiction to consider the petition for a writ of

1

habeas corpus under 28 U.S.C. § 2241. Therefore, although petitioner has paid the $5.00 filing fee, his petition must be dismissed.

From public records and petitioner's petition for a writ of habeas corpus, I find that the following facts are undisputed and material.

FACTS

A jury convicted petitioner of two counts of bank robbery in May 2000 after a two-week trial in the United States District Court for the Northern District of Illinois. The sentencing judge declined the government's request to sentence petitioner as a career offender, but departed upward substantially from the presumptive guideline range when he gave petitioner a 210-month sentence. Petitioner appealed and the Court of Appeals for the Seventh Circuit upheld the duration of his sentence, but determined that the sentencing judge should have treated petitioner as a career offender under § 4B1.1 of the United States Sentencing Guidelines. United States v. Maro, 272 F.3d 817, 825 (7th Cir. 2001).

The court of appeals reached this conclusion because it counted both a prior federal court conviction and a state court conviction toward petitioner's classification as a career offender. Id. It explained that

> Maro committed eight robberies in 1989, six in Illinois and two in Wisconsin. He was charged in both the Northern District of Illinois and the Western District of Wisconsin. The Wisconsin case was transferred to Illinois,

2

> pursuant to Rule 20 of the Federal Rules of Criminal Procedure. Maro entered guilty pleas to two counts from both indictments — four counts in all. In his plea agreement he stipulated to the other robberies, and the others were listed in the presentence report. For sentencing in those cases, the offense levels for each robbery were calculated and the offense level determination included a 5-level increase, pursuant to USSG § 3D1.4. A 5-level increase is the maximum allowed under that section and in this case resulted from grouping the four bank robberies to which Maro pled guilty and one other robbery, leaving three which had no effect on his sentence. Later, Maro was charged and convicted in one of the four stipulated robberies, the Will County robbery of the Lincoln Way Federal Savings and Loan Association in Frankfort, Illinois. His sentence in that case was ordered to run concurrent with his federal sentence.
>
> * * * *
>
> * * * * Maro has two prior convictions: one in federal court, one in state court. Because he committed so many robberies in 1989 it was not necessary, at the time of the federal sentencing, to rely on the Will County robbery to support the 5-level increase under § 3D1.4 for his combined offense level. The Will County case retains sufficient independence to be considered a separate conviction for purposes of the sentencing guidelines. Consequently, it was as clear as crystal that Maro had two prior countable convictions–-and was thus a career criminal—when he was convicted again in 1999.

Id. at 824-25.

In October 2002, petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2255 in the Northern District of Illinois. In his petition, he argued that his counsel had been ineffective for failing to argue that his past crimes were related. This argument was unsuccessful, and both the district court and court of appeals declined to issue a certificate of appealability.

3

In December 2006, petitioner filed a petition in this court for a writ of habeas corpus under 28 U.S.C. § 2241, in which he argued that the court of appeals had wrongly applied the career offender provision of the sentencing guidelines. His petition was dismissed for lack of jurisdiction by Judge Shabaz. Maro v. Martinez, No. 06-C-735-S, 2007 U.S. Dist. LEXIS 11058 (W.D. Wis., Feb. 13, 2007). The court of appeals upheld the dismissal. Maro v. Martinez, No. 07-1410, (7th Cir., July 10, 2007).

In November 2007, the United States Sentencing Commission amended the "career offender" language of § 4B1.1 of the guidelines. U.S. Sentencing Guidelines Manual, Appx. C, Amendment 709. Under the amendment, the guideline language now states in part, "[i]f there is no intervening arrest, prior sentences are counted separately unless (A) the sentences resulted from offenses contained in the same charging instrument, or (B) the sentences were imposed on the same day. Count any prior sentences covered by (A) or (B) as a single sentence." U.S. Sentencing Guidelines Manual, Appx. C, Amendment 709.

OPINION

Ordinarily, only challenges to the execution of a sentence can be brought under § 2241, Valona v. United States, 138 F.3d 693, 694 (7th Cir. 1998); challenges to the imposition of a sentence must be raised under 28 U.S.C. § 2255. Kramer v. Olson, 347 F.3d 214, 217 (7th Cir. 2003). There is one narrow exception to this rule, which petitioner

4

contends applies in this case. Section 2255 contains a "savings clause" that permits a prisoner to proceed under § 2241 if § 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255 ¶ 5; Kramer, 347 F.3d at 217; United States v. Prevatte, 300 F.3d 792, 799 (7th Cir. 2002). However, section 2255 is inadequate in circumstances such as this only when the Supreme Court interprets a statute in a way that the prisoner is actually innocent of the crime for which he was convicted because he was convicted for a "nonexistent offense." Prevatte, 300 F.3d at 799; see, e.g., Bailey v. United States, 516 U.S. 137, 143 (1995) (mere possession of a firearm does not violate federal use-of-a-firearm-during-a-drug-offense statute). Petitioner cannot satisfy this narrow exception because his challenge is to his sentence, not his conviction. See, e.g., Dellinger v. Bowen, 301 F.3d 758, 767 (7th Cir. 2002).

Finally, I note that petitioner requested appointment of counsel to assist him with his case. Because his petition will be dismissed, this request will be denied as moot.

ORDER

IT IS ORDERED that Robert Maro's petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2241, dkt. #1, is DISMISSED for lack of jurisdiction. FURTHER

5

IT IS ORDERED that petitioner's request for appointment of counsel is DENIED as moot. Dkt. #3.

Entered this 21st day of April, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge